UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

JOHN CIPOLLA,

                                        Plaintiff,

                    -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JOSEPH CALAMITA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE DANIEL J. CLARKE, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D'ERASMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE HERBERT KOEHLER, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JEFFREY RIOS, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE BONILLA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D. ARAZMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT POLICE OFFICER JOHN DOES #1-10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #11-20, in their individual and official capacities,

                                         Defendants.

-------------------------------------------------------------------------------X

**Docket No.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff JOHN CIPOLLA, by his attorneys, HORN WRIGHT, LLP, complaining of Defendants, respectfully states and alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action for money damages against Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JOSEPH CALAMITA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE DANIEL J. CLARKE, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D'ERASMO, in his individual and official

1

capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE HERBERT KOEHLER, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JEFFREY RIOS, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE BONILLA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D. ARAZMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT POLICE OFFICER JOHN DOES #1-10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #11-20, in their individual and official capacities (hereinafter, collectively referred to as "Defendants") for committing acts under color of law and depriving Plaintiff, JOHN CIPOLLA, of his rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution and laws of the United States.

2.     Plaintiff seeks damages, both compensatory and punitive, award of costs, disbursements, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

3.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

## VENUE

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the

2

County of Nassau; the actual place of employment of the majority of the individual Defendants is the County of Nassau in the Eastern District of New York; and the County of Nassau is within the jurisdiction of the Eastern District of New York. Additionally, Plaintiff resides within the County of Nassau in the Eastern District of New York.

## THE PARTIES

5.    Plaintiff JOHN CIPOLLA ("CIPOLLA" or "Plaintiff") is a resident of the United States who lives within the Eastern District of New York.

6.    At all relevant times described herein, Defendant COUNTY OF NASSAU ("COUNTY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

7.    At all relevant times described herein, Defendant COUNTY, by its agents and/or employees, operated, maintained, and controlled the Nassau County Police Department, including all police officers, supervising officers, and detectives thereof.

8.    At all relevant times described herein, Nassau County Police Department ("NCPD") is a subdivision and/or agency of Defendant COUNTY and has an office at 1490 Franklin Avenue, Mineola, New York 11501.

9.    Defendant NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JOSEPH CALAMITA ("CALAMITA") is a Detective with the NCPD who is being sued in his individual and official capacities and is an employee of Defendant COUNTY and NCPD. At all relevant times described herein, Defendant CALAMITA was acting under color of state law within the scope of his employment as a detective with NCPD.

10.    Defendant NASSAU COUNTY POLICE DEPARTMENT DETECTIVE DANIEL J. CLARKE ("CLARKE") is a Detective with the NCPD who is being sued in his

3

individual and official capacities and is an employee of Defendant COUNTY and NCPD. At all relevant times described herein, Defendant CLARKE was acting under color of state law within the scope of his employment as a detective with NCPD.

11.    Defendant NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D'ERASMO ("D'ERASMO") is a Detective with the NCPD who is being sued in his individual and official capacities and is an employee of Defendant COUNTY and NCPD. At all relevant times described herein, Defendant D'ERASMO was acting under color of state law within the scope of his employment as a detective with NCPD.

12.    Defendant NASSAU COUNTY POLICE DEPARTMENT DETECTIVE HERBERT KOEHLER ("KOEHLER") is a Detective with the NCPD who is being sued in his individual and official capacities and is an employee of Defendant COUNTY and NCPD. At all relevant times described herein, Defendant KOEHLER was acting under color of state law within the scope of his employment as a detective with NCPD.

13.    Defendant NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JEFFREY RIOS ("RIOS") is a Detective with the NCPD who is being sued in his individual and official capacities and is an employee of Defendant COUNTY and NCPD. At all relevant times described herein, Defendant RIOS was acting under color of state law within the scope of his employment as a detective with NCPD.

14.    Defendant NASSAU COUNTY POLICE DEPARTMENT DETECTIVE BONILLA ("BONILLA") is a Detective with the NCPD who is being sued in his individual and official capacities and is an employee of Defendant COUNTY and NCPD. At all relevant times described herein, Defendant BONILLA was acting under color of state law within the scope of his employment as a detective with NCPD.

4

15. Defendant NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D. ARAZMO ("D. ARAZMO") is a Detective with the NCPD who is being sued in his individual and official capacities and is an employee of Defendant COUNTY and NCPD. At all relevant times described herein, Defendant D. ARAZMO was acting under color of state law within the scope of his employment as a detective with NCPD.

16. Upon information and belief, Defendant NASSAU COUNTY POLICE DEPARTMENT POLICE OFFICER JOHN DOES #1-10 ("PD DOES") are members of NCPD who are being sued in their individual and official capacities, are employed by Defendant COUNTY and NCPD and were police officers, detectives, sergeants, or supervisors. Upon information and belief, at all relevant times described herein, PD DOES were acting under color of state law within the scope of their employment as members of the NCPD and employed by Defendant COUNTY and NCPD. Plaintiff does not know the real names and shield numbers of PD DOES.

17. At all relevant times described herein, Defendant NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE ("NCDA") was and continues to be a subdivision and/or agency of Defendant COUNTY and has an office at 262 Old Country Road, Mineola, New York 11501.

18. Defendant NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #11-20 ("ADA DOES") are members of the NCDA who are being sued in their individual and official capacities and are employed by Defendants COUNTY and NCDA. Upon information and belief, at all relevant times described herein, ADA DOES were acting under color of state law within the scope of their employment as members of NCDA and employed by Defendants COUNTY and NCDA.

**NATURE OF THE CASE**

19.     This is an action seeking recovery for deprivation of Plaintiff's civil rights guaranteed to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution committed by the above-named municipal Defendants.

20.     Plaintiff CIPOLLA was subjected to arrest, criminal charges, and commencement of criminal proceedings based on perjurious testimony, material misrepresentations, and fabricated evidence presented by Defendants at the County Court of Nassau County on or about July 6, 2023, and the filing of a felony complaint.

21.     On or about July 28, 2024, all charges against Plaintiff were dismissed with prejudice.

22.     Plaintiff was subjected to degrading and abusive treatment, strip search, unlawful arrest, malicious prosecution, denial of his rights, unlawful detention, illegal restraint, false arrest, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and incurred violations of his substantive and procedural due process rights under the laws of the United States.

**FACTUAL ALLEGATIONS**

23.     Plaintiff CIPOLLA is a fifty-two (52) year old father of one adult daughter. CIPOLLA has run and operated a rigging business, for approximately five (5) years.

24.     On or about July 6, 2023, Plaintiff was lawfully operating his vehicle at or near 80th Street and Cooper Avenue in Middle Village, Queens, New York. Plaintiff was driving to his daughter and grandchildren's home.

6

25.     As Plaintiff was driving, approximately four to six minivans surround Plaintiff's vehicle. At which point, Defendants CALAMITA, CLARKE, D'ERASMO, KOEHLER, RIOS, BONILLA, D. ARAZMO, and/or PO DOES (collectively, "Individual PD Defendants") jumped out of the minivans, with weapons drawn, surrounded Plaintiff, dragged him out of his vehicle, handcuffed him, and took him into custody.

26.     The Individual PD Defendants were not in uniform and at no point did they identify themselves as law enforcement. The Individual PD Defendants ran to Plaintiff's vehicle with weapons drawn, banged on the window, and demanded that Plaintiff exit the vehicle.

27.     Plaintiff CIPOLLA was in fear for his safety.

28.     Plaintiff, upon being forced out of his vehicle, was violently slammed against the vehicle, his arms pulled behind him, and handcuffed.

29.     Plaintiff was then placed into one of the minivans and taken to Nassau County Police Department's 3rd Precinct where he was searched, processed, and charged.

30.     Plaintiff was then transported to Nassau County Police Department headquarters where he was further processed and detained until arraignment.

31.     Plaintiff did not come to learn of his charges until he was arraigned.

32.     Plaintiff was charged with two counts each of Assault in 2nd Degree in violation of NY PL § 120.05 (2), a class D Felony; Criminal Possession of Weapon in 4th Degree in violation of NY PL § 265.01(2) a class A Misdemeanor; Coercion in 3rd Degree in violation of NY PL § 135.60(1) a class A Misdemeanor; Menacing in 2nd Degree in violation of NY PL § 120.14(1) a class A Misdemeanor; and Criminal Obstruction in violation of NY PL § 121.11A a class A Misdemeanor.

33. Plaintiff remained at the Nassau County Correctional Facility as a pretrial detainee for approximately ten (10) months.

34. Defendants had no evidence to substantiate the charges. The prosecution of Plaintiff was continued with malice.

35. The prosecution of Plaintiff was continued after probable cause was vitiated. In point of fact, Defendants all along were aware that the complaining witnesses had lied and fabricated the allegations against Plaintiff. Defendants had irrefutable evidence of Plaintiff's innocence. Despite this, CIPOLLA's prosecution was continued, despite knowledge that such prosecution was unlawful and in violation of Plaintiff's rights. Moreover, Defendants and ADA DOES failed to disclose exculpatory evidence, *Rosario*, and *Brady* material.

36. Defendants had in their possession all of the information which could have exculpated Plaintiff from the onset of the criminal case.

37. Demonstrating further malice and in order to cover up Defendants' scheme, Defendants threatened that they would continue to prosecute Plaintiff and ultimately seek conviction on the felony charges despite knowledge in fact that Defendants possessed irrefutable evidence of Plaintiff's innocence. Such action was done with malice and with the intent of denying Plaintiff his civil rights.

38. Plaintiff CIPOLLA's prosecution continued after there was no longer probable cause to believe that Plaintiff had any involvement in any of the alleged and charged crimes. The prosecution was continued solely to cover-up Defendants' unlawful and unconstitutional conduct and, upon information, to protect the complaining witness.

39. As a result of the malicious prosecution, Plaintiff was required to pay for the services of a criminal defense attorney at a substantial cost to him. Information about the arrest

and/or prosecution was intentionally and maliciously released to the public, impugning CIPOLLA's reputation and causing Plaintiff shame and humiliation.

40.    Plaintiff was required to and forced to endure being jailed at the Nassau County Correctional Facility and multiple mandatory court appearances despite the fact that Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

41.    Upon information, Defendants intentionally never disclosed exculpatory evidence. Plaintiff, to his detriment, relied upon Defendants' integrity to disclose all *Brady* material.

42.    Plaintiff's prosecution terminated on or about July 28, 2024, when he was found not guilty and all charges were dismissed with prejudice.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 – False Arrest and Unlawful Search & Seizure
### (*Against All Defendants*)

43.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

44.    That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacities as law enforcement was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crimes for which he was charged.

45.    That said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned Plaintiff and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

9

46. That, by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of his rights and privileges and benefits as provided to him under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and was further caused to incur monetary expense, including legal fees.

47. That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

48. That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable to Plaintiff for compensatory as well as punitive damages.

49. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages and attorneys' fees.

### AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 – Malicious Prosecution
### (*Against All Defendants*)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

51. Defendants' commencement and/or continuation of a criminal proceeding against Plaintiff by the lodging of false charges, wrongful arrest, and abuse of process culminated into the unjustifiable and malicious prosecution of Plaintiff by Defendants.

52. Defendants' false and fabricated information was used by the Nassau County District Attorney's Office to prosecute Plaintiff for false, erroneous, and unsubstantiated charges.

53. Defendants provided NCDA and ADA DOES with false information, and knew that said information would be used to prosecute Plaintiff.

54. Defendants' actions constituted unreasonable and unlawful behavior, as well as abuse of process, abuse of authority, and violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

55. As a result of Defendants' actions, Defendants NCDA and ADA DOES conducted said proceedings against Plaintiff based on the false and fabricated evidence.

56. Defendants, therefore, caused Defendants NCDA and ADA DOES to breach their duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against Plaintiff, including violations of 42 U.S.C. § 1983.

57. Defendants NCDA and ADA DOES instituted and maintained criminal charges against Plaintiff knowing that he was completely innocent.

58. Said abuse of process was continued by Defendants through NCDA and ADA DOES' failure to adequately investigate and properly discipline Individual PD Defendants and/or hold said individuals accountable for their unlawful conduct and actions against Plaintiff.

59. Specifically, Defendants failed to investigate and verify the veracity of the charges brought against Plaintiff, despite the blatant lack of any probable cause for falsely accusing Plaintiff.

60.    Rather, the false and fabricated allegations made against Plaintiff were based on actual malice harbored by Defendants, and prosecuted on their behalf by NCDA and ADA DOES.

61.    Each knew that the charges were false and only sought to press the charges to mask and coverup the abuses, violations, and wrongful acts which they had taken against Plaintiff.

62.    The actions taken by Defendants to create a false narrative; falsely accuse Plaintiff; provide false information to NCDA and ADA DOES; maliciously prosecute; harass; and fully inconvenience Plaintiff with false criminal charges is an abuse of process, by using the courts and judicial process to harass, intimidate, inconvenience, and further damage Plaintiff despite no significant evidence for prosecuting the baseless charges.

63.    The false and fabricated allegations made against Plaintiff should have been dismissed in Plaintiff's favor. However, in direct contravention of NCDA and ADA DOES' professional and ethical obligation, Defendants NCDA and ADA DOES have refused to hold any public official accountable for their role in the unlawful conduct perpetrated against Plaintiff.

64.    As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees and other expenses incurred in the attempt to clear Plaintiff from these false and maliciously imposed criminal charges.

65.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages and attorneys' fees.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 – Abuse of Process**
(*Against All Defendants*)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

67.     Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed a false, inaccurate, and/or misleading criminal complaint against Plaintiff.

68.     The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

69.     Defendants filed said false criminal felony complaints against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendants.

70.     Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Defendants abused the criminal justice system in assaulting, falsely arresting, falsely charging, and falsely prosecuting CIPOLLA in an attempt to protect Defendants and satisfy their personal goals of covering up their wrongdoing, and to further their own purposes of exercising their privilege for their own warped sense of power.

71.     Defendants created false and fabricated statements which included the NCPD Incident Reports, Narratives, and Charging Instruments.

72.     Moreover, Defendants invented and fabricated circumstances which were used to support the false charges in the charging instrument that was used to prosecute Plaintiff by the NCDA.

73. Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Defendants and to harass, intimidate, coerce, silence, and punish Plaintiff.

74. Defendants did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to protect Defendants and falsely arrest and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

75. Defendants did nothing to stop the criminal proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process.

76. As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of COUNTY, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

77. Defendants falsified evidence and committed perjury in order to cover up Defendants' unlawful acts.

78. As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

79.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 – Fabricating of Evidence
### (*Against All Defendants*)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

81.     Defendants fabricated evidence against Plaintiff to deprive Plaintiff of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully charge Plaintiff with crimes that he did not commit.

82.     Defendants further deprived Plaintiff of his due process rights, specifically by falsifying facts in the charging instrument filed against CIPOLLA.

83.     All of the above factual allegations prepared by Defendants were false. These false allegations, and others, led to the false arrest of Plaintiff, Plaintiff being accused of crimes which he did not commit, and Plaintiff's false prosecution.

84.     The actions by Defendants denied Plaintiff his liberty and due process rights. These rights are guaranteed to Plaintiff under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

85.     As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

86.     Defendants knew or should have known that the wrongful detainment, false arrest, wrongful imprisonment, and unlawful prosecution of CIPOLLA violated Plaintiff's rights, guaranteed to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983.

87.     Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, and unlawful prosecution of Plaintiff, yet these Defendants neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did in fact occur.

88.     Defendants knew or should have known that the fabricated accusations against CIPOLLA were violative of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to due process, and were tantamount to the unfair treatment that he suffered at the hands of each and every Defendant, in violation of Plaintiff's fundamental rights under the U.S. Constitution.

89.     As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

90.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A FIFTH COUNT**
**42 U.S.C. § 1983 – _Brady_ Violation**
**(_Against All Defendants_)**

91.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

92.    Plaintiff alleges numerous Constitutional violations under 42 U.S.C. § 1983 which include, but are not limited to: fabrication of evidence; _Brady_ violations in the withholding of exculpatory evidence; _Giglio_ violations; destruction of evidence; failure to follow proper procedures under the Due Process law pursuant to the Constitution of the United States; failure to intervene; falsely testifying; falsely arresting; falsely detaining; falsely imprisoning Plaintiff for an unjustified prolong period; conspiracy; abuse of process; and malicious prosecution of Plaintiff, all of which support Plaintiff's claims for Constitutional violations.

93.    Defendants fabricated evidence as it relates to the incidents involving Plaintiff, which constituted violations of his Constitutional and civil rights under the Fifth, Sixth, and Fourteenth Amendments. This conduct was intentional and malicious and based on Defendants' intent and desire to deny Plaintiff the right to a fair trial, to examine the evidence against him, to properly prepare a defense, to be free from unlawful incarceration, and to not be wrongfully and maliciously subjected to the prosecutorial process.

94.    Defendants withheld evidence in violation of _Brady v. Maryland,_ 373 US 83 (1963), as it relates to the incidents involving Plaintiff, which constituted violations of his Constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. Defendants' conduct was intentional and malicious and based on a desire to subject Plaintiff to prosecution and

17

prolonged loss of liberty and, thus, ultimately deny Plaintiff his Due Process and liberty rights as ascribed to him under the Constitution.

95.     Defendants concealed evidence related to the incidents involving Plaintiff, which constituted *Brady* violations and Due Process violations pursuant to the Fifth, Sixth, and Fourteenth Amendments of the Constitution. Defendants' conduct was intentional and malicious and based on a wish to deny Plaintiff his Fifth, Sixth, and Fourteenth Amendment rights to Due Process, to examine the evidence against him, the right to a fair trial, and to his liberty rights under the Constitution.

96.     Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights, and caused such deprivation of rights by falsely detaining, unlawfully accusing, wrongfully arresting, and falsely imprisoning Plaintiff. Said acts were motivated by a sadistic desire to harm Plaintiff, protect and cover up the improper conduct of Defendants, and to violate Plaintiff's Constitutional and civil rights and thus deny him access to equal rights under the law.

97.     Plaintiff was detained, arrested, and maliciously prosecuted by Defendants in an attempt to deny him his basic right to freedom and liberty.

98.     Defendants failed to follow proper procedures, policies, and regulations as it relates to the incidents involving Plaintiff which constitutes violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. Defendants' conduct was intentional and malicious and based on the cruel motivation to wrongfully prosecute and deprive Plaintiff of his liberty in violation of his rights as guaranteed under the Constitution and for the unlawful purpose of protecting the individual Defendants.

99.     Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against

Plaintiff were false and inconsistent with and insufficient to establish his guilt with respect to any of the crimes charged.

100. In arresting, detaining, interrogating, and prosecuting Plaintiff, each of the Defendants knew or should have known they were violating federal law and Plaintiff's Constitutional and civil rights set forth herein, and that they had failed to prevent the same and, therefore, acted in concert to harm Plaintiff.

101. Defendants withheld information and conspired to cover up the illegal acts set forth herein, despite the truth being apparent. Defendants offered and were allowed to provide false documents, false statements, and perjured testimony with the full knowledge and support of Defendants.

102. Defendants NCDA and ADA DOES, when confronted with the falsity of the charges, did refuse to take any action against the complaining witness and the individual Defendants, thus continuing the ongoing Constitutional violations against Plaintiff.

103. As a direct result of Defendants' unlawful actions of each of them, Plaintiff was wrongfully subjected to criminal proceedings, maliciously prosecuted, forced to endure multiple mandatory court appearances, and face potential incarceration all based upon false premises.

104. As a direct and proximate result of the aforesaid acts of Defendants and each of them, Plaintiff suffered great harm, mental anguish, and violation of rights from then until now and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing unlawful acts of Defendants.

105. Plaintiff was forced to incur great expense and special damages for defending against the false criminal charges, attorneys' fees, investigation expenses, and other expenses in

clearing his name against the unfounded and unwarranted allegations by Defendants which have been and continue to be a serious burden to Plaintiff.

106.    Plaintiff is forced to incur great expense and special damages as a result of Defendants' continuing actions and Defendants NCDA and ADA DOES' refusal to take any action against the perpetrators of the unlawful conduct as against Plaintiff and/or to investigate the individual Defendants involved in the arrest and criminal prosecution of Plaintiff based upon false and fabricated evidence.

107.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages and attorneys' fees.

**AS AND FOR A SIXTH COUNT**
**42 U.S.C. § 1983 – Failure to Intervene**
**(*Against All Defendants*)**

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

109.    On or about July 6, 2023, Plaintiff was subjected to false arrest and unlawful search and seizure of Plaintiff's person and vehicle at the hands of Defendants.

110.    Despite Defendants having irrefutable evidence that the complaining witness falsified evidence and committed perjury, Defendants nonetheless arrested and criminally prosecuted Plaintiff.

111.    Each of the Defendants new and/or deliberatively ignored the fact that the false accusations, detainment, false arrest, seizure, and illegal search of Plaintiff violated the rights

20

guaranteed to Plaintiff under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

112.    Each of the said Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, illegal search, and unlawful prosecution of Plaintiff, yet neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did, in fact, occur.

113.    Specifically, each and every one of the Defendants had the opportunity and responsibility to prevent the wrongful detainment and abuse of process against Plaintiff because each Defendant had actual notice of the wrongful actions of the other Defendants at the scene of the incident.

114.    Defendants had the power to prevent the continued due process violations against Plaintiff yet failed to prevent or dismiss the fabricated charges against Plaintiff, or to protect Plaintiff from the unwarranted penalties that followed from the charges against him.

115.    As a direct consequence of the actions of Defendants acting in furtherance of their duties as agents of their respective agencies, Plaintiff suffered injuries, including but not limited to, stigmatizations, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

116.    As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

117. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages and attorneys' fees.

**AS AND FOR A SEVENTH COUNT**
**42 U.S.C. § 1983 -** *Monell*
**(***Against Defendant COUNTY***)**

118. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

119. Defendant COUNTY failed to adequately train its police officers and detectives regarding the proper use of force, probable cause, and investigation to comply with Constitutional standards and has tolerated the use of excessive force, probable cause, and investigation by its police officers and detectives despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers, lieutenants, and detectives.

120. Among the other conduct or failure to act by COUNTY which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of its police officers and detectives regarding the proper use of force, probable cause, and investigation of purported crimes under the Constitution of the United States, including police officers and detectives who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers and detectives who COUNTY knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for discipling or re-training officers and detectives who have engaged in such misconduct, including officers and detectives who have been the subject of misconduct claims.

(d) In failing to implement adequate disciplinary policies to deter its police officers and detectives from the use of excessive force, improper police procedures and tactics, and falsifying police records.

121.    COUNTY, by its policy making agents, servants, and employees, authorized and or allowed the type of misconduct complained herein to continue.

122.    The conduct of the individual Defendants was consistent with longstanding customs, practices, and usages of police officers and detectives employed by COUNTY.

123.    Upon information and belief, despite knowledge of such *de facto* policies and practices, the supervising and policy making officers and officials of the Police Department of COUNTY have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers and detectives with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

124.    As a proximate result of COUNTY's actions, Plaintiff was caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees.

## AS AND FOR AN EIGHTH COUNT
### Pendant State Claim – Malicious Prosecution
#### (*Against All Defendants*)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

126.    On or about July 6, 2023, Plaintiff was arraigned and charged with two counts each of Assault in 2nd Degree in violation of NY PL § 120.05 (2), a class D Felony; Criminal Possession of Weapon in 4th Degree in violation of NY PL § 265.01(2) a class A Misdemeanor; Coercion in 3rd Degree in violation of NY PL § 135.60(1) a class A Misdemeanor; Menacing in 2nd Degree in violation of NY PL § 120.14(1) a class A Misdemeanor; and Criminal Obstruction in violation of NY PL § 121.11A a class A Misdemeanor.

127.    As a result of the malicious prosecution, Plaintiff suffered substantial financial loss.

128.    As a result of the false and unlawful charges, Plaintiff was required to remain at the Nassau County Correctional Center and make multiple appearances in Court.

129.    Defendants participated in the investigations of allegations against Plaintiff, as well as the criminal prosecution against him.

130.    The criminal prosecution was commenced despite Defendants' knowledge that Plaintiff did not participate in the alleged crimes and that probable cause for the arrest and initiation of the prosecution did not exist.

131.    The criminal prosecution was continued after Defendants knew that they had no probable cause for the original arrest and/or initiation of the prosecution existed.

132.    By participating in the arrest and prosecution which they knew lacked probable

cause, Defendants acted with malice against Plaintiff.

133.   Defendants prosecuted Plaintiff with malice independent of their lack of probable cause.

134.   The prosecution of Plaintiff was terminated favorably to him.

135.   As a result of Defendants' malicious prosecution, Plaintiff's rights were violated.

136.   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages.

## AS AND FOR A NINTH COUNT
### Pendant State Claim - Negligence
#### (*Against All Defendants*)

137.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

138.   Defendants had a duty to prevent and cease the unlawful search and seizure, wrongful detainment, false arrest, false imprisonment, and malicious prosecution upon Plaintiff as well as a duty to hire, to train, to investigate, supervise, and discipline the individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

139.   In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and Constitutional rights of Plaintiff against malicious prosecution and other due process violations. Said rights are guaranteed to Plaintiff by 42 U.S.C. § 1983 and by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution.

140.    The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes monetary expenses, personal humiliation, damage to reputation and loss of standing in the community, and severe emotional and psychological damage.

141.    That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A TENTH COUNT**
**Pendant State Claim – Negligent Hiring, Improper Supervision, and Improper Retention**
**(*Against Defendant COUNTY*)**

142.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

143.    Upon information and belief, it was the custom, policy, and practice of Defendant COUNTY and NCPD to hire certain detectives, police officers, and supervisors, including the individual Defendants, without conducting the appropriate background check, investigation, and psychological evaluations.

144.    Upon information and belief, it was the custom, policy, and practice of Defendant COUNTY and NCPD to conduct inadequate investigations of detectives, police officers, and supervisor candidates as was done with the individual Defendants.

145.    Upon information and belief, it was the custom, policy, and practice of Defendant COUNTY and NCPD to inadequately supervise the actions and conduct of detectives, police officers, and supervisors, including the individual Defendants.

146.   Upon information and belief, it was the custom, policy, and practice of Defendant COUNTY and NCPD to continue to employ detectives, police officers, and supervisors, including the individual Defendants, after it is known that such detectives, police officers, and supervisors consistently violate the Constitutional rights of persons such as Plaintiff.

147.   These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

148.   Defendant COUNTY is therefore liable for violations of Plaintiff's Constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

149.   As a proximate result of Defendants' customs, policies and practices for negligent hiring, improper supervision, and improper retention of detectives, police officers, and supervisors, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR AN ELEVENTH COUNT**
**Pendant State Claim – *Respondeat Superior***
**(*Against Defendant COUNTY and NCDA*)**

150.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

151.   By virtue of the individual Defendants' employment with Defendants COUNTY and NCDA, and their actions within their scope of their employment, Defendants are liable for the individual Defendants' actions under a theory of *respondeant superior*.

152.    As a result of the above-described conduct, Plaintiff was caused to be maliciously prosecuted, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

## JURY DEMAND

153.    Plaintiff demands a Trial by Jury of all causes of actions so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A.    Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

B.    Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

C.    Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

D.    Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

E.    Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

F.    Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

G.      Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees;

H.      Under the Eighth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages;

I.      Under the Ninth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

J.      Under the Tenth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

K.      Under the Eleventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

L.      Costs and disbursements of this action; and

L.      Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
        October 15, 2025

Respectfully Submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff*

By:     /s/*Sheetal Paul*
        Sheetal Paul, Esq.
        400 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Ph: 516.355.9696
        shp@hornwright.com