UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN CIPOLLA,

                       Plaintiffs,                                25-cv-5779 (PKC) (ARL)

      -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JOSEPH CALAMITA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE DANIEL J. CLARKE, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D'ERASMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE HERBERT KOEHLER, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JEFFREY RIOS, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE BONILLA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D. ARAZMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT POLICE OFFICER JOHN DOES #1-10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #11-20, in their individual and official capacities,

                        Defendants.
--------------------------------------------------------------x


## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO VACATE THE DEFAULT


### PRELIMINARY STATEMENT

       Defendants County of Nassau, Nassau County Police Department Detective D.

Arazmo, Nassau County Police Department Detective Bonilla, Nassau County Police Department

Detective Joseph Calamita, Nassau County Police Department Detective Daniel J. Clarke, Nassau County Police Department Detective D'Erasmo, Nassau County Police Department Detective Herbert Koehler, Nassau County District Attorney's Office, Nassau County Police Department, and Detective Jeffrey Rios (hereinafter referred collectively to as "County Defendants") respectfully submit this Reply Memorandum of Law in further support of their motion pursuant to FRCP 55(c) and FRCP 6(b)(1)(B) to vacate the default judgment and grant County Defendants leave to file their Answer *nunc pro tunc*. The Reply Memorandum of Law is submitted in direct response to Plaintiff's "MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION", dated March 30, 2026, and filed as Document 21.

## LEGAL STANDARD

As stated in Rule 55(c) of the Federal Rules of Civil Procedure, concerning setting aside a default or a default judgment, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

## ARGUMENT

I.      The Omission of a Notice Of Motion Does Not Preclude Relief

Plaintiff asserts that the Court may, deny our relief on the basis that there is no notice of motion accompanying County Defendant's motion. However, Local Rule 7.1 does not preclude the success of County Defendant's motion, given that "the parties are 'fairly and adequately apprised of the nature and basis of the application'". *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 155. Citing *Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc*., No. 10-CV-347, 2013 U.S. Dist. LEXIS 151229, 2013 WL 5725987, at *2 (E.D.N.Y. Oct. 21, 2013). At no point in Plaintiff's opposition do they assert that he was not appraised of the nature or basis of the application. Furthermore, the undersigned and Ms. Sheetal Paul, counsel for the Plaintiff, had conferred via telephone and email numerous

times regarding County Defendant's default, and the undersigned's intention to file an answer and make the instant motion. As such, there is no confusion regarding the motion, and such omission does not preclude the sought after relief.

II.     County Defendants Did Not Willfully Ignore the Court's Directions or Schedule

The circumstances in this matter are unusual, as, at the time the extension was requested by the undersigned, the handling attorney, John Carnevale, was taking a two-week leave of absence, as stated in County Defendant's motion. As such, that stipulation for additional time to respond was requested with the intention that Mr. Carnevale would file an answer upon his return to the office. However, upon his return, he was subsequently reassigned to Nassau County Family Court. The undersigned did not have communications with Plaintiff's counsel again on this matter until January 22, 2026, when Ms. Paul emailed the undersigned to apprise of the Request for Certificate of Default. Upon information and belief, Ms. Paul informed the undersigned, on January 22, 2026 or January 23, 2026, that her client would need to make the ultimate decision on whether her office would consent to a stipulation to vacate the default. Upon further information and belief, Ms. Paul suggested the undersigned would be able to file said answer by January 30, 2026.  In the interest of providing the anticipated answer as soon as possible, the undersigned filed the same on January 28, 2026.

CONCLUSION

For the foregoing reasons, County Defendants respectfully request that the Court (1) vacate the entry of default, and (2) grant County Defendants leave under Rule 6(b)1(B) to file the attached Answer *nunc pro tunc* as of the date of this submission.

Dated: April 13, 2026
     Mineola, New York

                                              Respectfully submitted,

**THOMAS A. ADAMS**
**Nassau County Attorney**
**Attorney for Defendant**
**County of Nassau**

*Nicholas Zotto*
Nicholas Zotto, Esq.
Deputy County Attorney
One West Street
Mineola, NY 11501

TO:
Horn Wright, LLP
Sheetal Paul, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 335-9696

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JOHN CIPOLLA,
                25-cv-5779 (PKC) (ARL)

        Plaintiffs,

     -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JOSEPH CALAMITA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE DANIEL J. CLARKE, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D'ERASMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE HERBERT KOEHLER, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JEFFREY RIOS, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE BONILLA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D. ARAZMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT POLICE OFFICER JOHN DOES #1-10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #11-20, in their individual and official capacities,

**DECLARATION OF NICHOLAS ZOTTO PURSUANT TO 28 U.S.C § 1746**

                Defendants.

-------------------------------------------------------------x

I, Nicholas Zotto, Esq. declare as follows:

1. I am a Deputy County Attorney with the Nassau County Attorney's Office and counsel for Defendants in this action. I submit this declaration in support of Defendant's Request to File their Answer *Nunc Pro Tunc*.

2. This matter was initially assigned to former Deputy County Attorney John Carnevale on October 22, 2025, who subsequently took a two week leave of absence in November followed by his reassignment to the Nassau County Family Court.

3. I have prepared an answer on behalf of County Defendants, which is annexed as Exhibit A, for filing upon the Court's leave.

4. The County Defendants are in possession of responsive discovery records which will readily be provided to plaintiff should the parties be permitted to proceed with the litigation and conduct discovery.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:   April 13, 2026
        Mineola, New York

                      *Nicholas Zotto*
                      Nicholas Zotto
                      Deputy County Attorney
                      1 West Street
                      Mineola, New York 11501
                      516-571-3012

TO:
Horn Wright, LLP
Sheetal Paul, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 335-9696