UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JOHN CIPOLLA,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JOSEPH CALAMITA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE DANIEL J. CLARKE, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D'ERASMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE HERBERT KOEHLER, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE JEFFREY RIOS, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE BONILLA, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT DETECTIVE D. ARAZMO, in his individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT POLICE OFFICER JOHN DOES #1-10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #11-20, in their individual and official capacities,

Defendants.
--------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 25-5779 (PKC) (ARL)

**LINDSAY, Magistrate Judge:**

Plaintiff John Cipolla commenced this action on October 15, 2025, against defendants, County of Nassau, Nassau County Police Department Detective D. Arazmo, Nassau County Police Department Detective Bonilla, Nassau County Police Department Detective Joseph Calamita, Nassau County Police Department Detective Daniel J. Clarke, Nassau County Police

Department Detective D'Erasmo, Nassau County Police Department Detective Herbert Koehler, Nassau County District Attorney's Office, Nassau County Police Department, and Detective Jeffrey Rios (collectively "Defendants"), alleging claims for false arrest, unlawful search and seizure, malicious prosecution, abuse of process, fabricating evidence, withholding exculpatory evidence, failure to intervene, failure to train employees, malicious prosecution, negligence, negligent hiring, improper supervision and improper retention, and respondeat superior. ECF No. 1. Defendants failed to timely answer the Complaint and filed a motion to extend the time to answer nunc pro tunc and vacate the entry of default. ECF No. 20. By Order dated April 14, 2026, District Judge Chen referred the motion to the undersigned.

For the reasons set forth below, the undersigned respectfully recommends that the motion be granted.

## BACKGROUND

### A. Procedural History

Plaintiff filed the Complaint on October 15, 2025. ECF No. 1. On November 12, 2025, Defendants filed a stipulation extending Defendants' time to answer until December 10, 2025. ECF No. 14. An Order dated November 13, 2025, extended Defendants' time to answer as requested. By Order dated January 2, 2025, District Judge Chen noted that Defendants had failed to file an answer as scheduled and directed Plaintiff to file a notice of default by January 30, 2026. Plaintiff sought entry of default om January 22, 2026, and the clerk entered default on January 26, 2026. ECF Nos. 15 & 16. By Order dated January 27, 2026, Plaintiff was directed to file a motion for default judgment no later than March 27, 2026. On January 28, 2026, Defendants filed an answer to the Complaint. ECF No. 17. By Order dated February 3, 2026, Judge Chen directed that Defendants' answer be stricken in light of the default entered by the

Court on January 26, 2026. By letter dated February 19, 2026, Defendants, with the consent of Plaintiff, asked the Court to set a briefing schedule on a motion to vacate the default. ECF No. 19. Defendants did not wait for the Court's response regarding the proposed briefing schedule and filed a motion requesting permission to file an answer nunc pro tunc pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(1)(B) on February 27, 2026. ECF No. 20. Plaintiff responded to the motion on March 30, 2026. ECF No. 21. In reply, Defendant asked the court to vacate entry of default pursuant to Rule 55. ECF No. 22. By Order dated April 14, 2026, District Judge Chen referred the motion to the undersigned.

## DISCUSSION

Defendants bring their motion pursuant to Rules 6(b) and 55(c). *See* Def. Reply Mem. at 1. In this case, while the Clerk has entered a default, there is no default judgment. Under these circumstances, the Court decides the motion to vacate under the more lenient standard of Rule 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also Austin Energy, LLC v. Eco Lumens, LLC*, No. 11-CV-5749, 2013 U.S. Dist. LEXIS 179261, 2013 WL 6835192, at *2 (E.D.N.Y. Dec. 19, 2013).[1]

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When determining whether there is "good cause" to vacate entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171

[1] In response to Defendants' motion to vacate, Plaintiff recites the standard for vacating a final judgment under Rule 60(b), which is much stricter than the standard applicable here. *See* ECF No. 21 at 1. However, the Court notes that "[t]he standards for deciding whether to set aside a default or a default judgment are sufficiently similar that courts may look to Rule 60(b) decisions in deciding Rule 55(c) cases and vice versa." *Dave's Specialty Imports, Inc. v. Roduce for Less Inc.,* No. 19-CV-7136, 2021 U.S. Dist. LEXIS 63636, 2021 WL 1207121, at *1 (E.D.N.Y. Mar. 31, 2021).

(2d Cir. 2001); *see also Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Because an entry of default is generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," *see Meehan v. Snow*, 652 F.2d at 276, any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "The dispositions of motions for entries of defaults . . . and relief from the same under Rule 55(c) are left to the sound discretion of a district court." *Id.* at 96.

With respect to willfulness, "[o]f the three factors, 'willfulness carries the most weight.'" *Dave's Specialty Imps*., 2021 U.S. Dist. LEXIS 63636, 2021 WL 1207121, at *1(quoting *De Curtis v. Ferrandina,* 529 F. App'x 85, 86 (2d Cir. 2013) (summary order)). "Defendants bear the burden of demonstrating that their default was not willful." *Id.* A default is willful when the conduct is "more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers & Allied Craftworkers,* 779 F.3d at 186 (2d Cir. 2015). Defendants argue that the default was not willful but rather the result of the reassignment of the attorney assigned to the case by the Nassau County Attorney's Office. ECF No. 22, Def. Reply Mem. at 3. According to Defendants,

> This matter was initially assigned to former Deputy County Attorney John Carnevale on October 22, 2025, in which he was informed of the deadline for filing an answer. Mr. Carnevale went on a two-week leave of absence in November and was then transferred to Nassau County Family Court. Sheetal Paul, plaintiff's counsel, directly contacted the undersigned about the certificate of default on January 22, 2026. From there, the undersigned assumed responsibility for this matter, and was in communication with Ms. Paul to potentially stipulate to vacate the default. Ms. Paul advised that she would not be able to agree to a stipulation. While the Answer (DE 17) was filed to provide the plaintiff and the Court with the delayed and anticipated response, County Defendants understand the Court's decision to strike said Answer. The County Attorney's Office has been undergoing a staffing shortage which has presented challenges in handling an increasing case load. The Office has worked diligently to reassign Mr. Carnevale's caseload, and has

> been reassigned to the undersigned, who is prepared to proceed with the litigation at hand, if the Court allows.

Staffing issues at the Nassau County Attorney's Office have been well documented. *See, e.g., H.B. by Lotrean v. Cnty. of Suffolk et al*., No. 24-CV-07067 (SJB) (JMW), 2025 U.S. Dist. LEXIS 261120, at *16, 2025 WL 3653499 (E.D.N.Y. Dec. 17, 2025) (delayed response blamed on attorney departures and medical leave); *Kosowski v. Nassau Cnty*., 350 F.R.D. 346, 351 (E.D.N.Y. 2025) (discovery delays blamed on staffing shortages in Nassau County Attorney's Office). Indeed, the undersigned has been advised in another case that Nicholas Zotto, the attorney of record in this case, is no longer with the County Attorney's Office. This lack of staffing does not excuse the County Attorney's Office from compliance with their obligations under the federal rules, however, "[c]ourts in this Circuit have consistently concluded that 'episodes of such law office failure, even if accompanied by negligence and passivity by counsel, may not rise to the level of willfulness.'" *Evans v. New York City Health & Hosps. Corp*., No. 21 Civ. 10378 (PAE) (VF), 2022 U.S. Dist. LEXIS 213973, at *_, 2022 WL 18587777 (S.D.N.Y. Nov. 28, 2022), adopted by, 2023 U.S. Dist. LEXIS 14501, 2023 WL 580527 (S.D.N.Y. Jan. 27, 2023) (quoting *Pakter v. Janou Pakter, LLC,* No. 16-CV-4288 (PAE), 2018 U.S. Dist. LEXIS 56869, 2018 WL 1635239, at *4 (S.D.N.Y. Apr. 3, 2018) (finding delay not willful where failure to respond was "the result of [lawyer's] firm's inaccurate updating of his email address on the Court's ECF system when counsel changed law firms"). Moreover, the Court notes that while Defendants failed to timely respond to the Complaint, they did attempt to file a late answer and move to vacate the entry of default. Ultimately, Defendant's participation in this lawsuit "preclude[s] a finding that Defendant [] simply ignored with Complaint without action" and persuades this Court that its default was not willful. *Windward Bora, LLC v. Weiss*, 717 F. Supp. 3d 247, 261 (E.D.N.Y. 2024).

Additionally, while Defendants offer no explanation for their failure to respond to Court's Order of January 2, 2026, the relatively short time between the Clerk's entry of default on January 26, 2026 and the Defendants belated attempt to file an answer on January 28, 2026 weighs in favor of vacating the default and permitting Defendants to file an answer. *See, e.g., Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ("[T]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful."); *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311, 2019 U.S. Dist. LEXIS 86559, 2019 WL 2233828, at *1 (E.D.N.Y. May 22, 2019) ("[Nine days] after plaintiff filed its motion for default judgment, [defendant] filed an affidavit in opposition to plaintiff's motion. Such action supports a finding that default was not willful because it evidences an intention and attempt to defend against the action.") (citation omitted); *Oscilloscope Pictures, Inc. v. Monbo,* No. 17-CV-7458, 2019 U.S. Dist. LEXIS 99805, 2019 WL 2435644, at *7 (E.D.N.Y. March 25, 2019) ("[T]wo days [after notation of default entered], [defendant] moved to vacate the Clerk's entry of default. Such actions support a finding that defendants' default was not willful because they evidence an intention and attempt to defend against the action.") (citation omitted).

As to prejudice, Plaintiff has not identified any prejudice he will suffer in the event this Court vacates the default. "[D]elay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98 (reversing district court's denial of motion to vacate default, even though "the result we reach will cause plaintiff some delay"). Plaintiff makes no showing that Defendants' conduct will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citations omitted). Quite the contrary,

Defendants have represented to the Court that they have already gathered evidence and are willing to "diligently and expeditiously proceed with litigation on the merits." ECF No. 20, Def. Mem. at 2. Thus, the Court finds that Plaintiff has not been prejudiced by Defendants' failure to timely answer. "Because there is no finding of willfulness or prejudice to the Plaintiff, the Court need not decide whether Defendant[s] present[] any meritorious defenses." *Manz v. Rest. Los Tacos No. 1*, 24 Civ. 7457 (DEH), 2025 U.S. Dist. LEXIS 102908, at *7, 2025 WL 1541057 (S.D.N.Y. May 30, 2025).[2]

While the Court is troubled by the seemingly endless revolving door of attorneys at the Nassau County Attorney's office, it cannot be said the Defendants have not participated at all in this action. Moreover, the extreme remedy of entering default judgment is not appropriate where, as here, Plaintiff has failed to articulate any prejudice resulting from the delayed answer. In light of the foregoing, the undersigned respectfully recommends that Defendants' motion to vacate the default and allow the filing of the answer nunc pro tunc be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service.

---

[2] Plaintiff also urges the Court to reject Defendants' motion to vacate because the motion did not include a Notice of Motion in accordance with Local Rule 7.1. ECF No. 21, Pl. Mem. at 2-3. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc*., 258 F.3d 62, 73 (2d Cir. 2001). Particularly, where the movant submits "a memorandum of law and supporting documents that allow[] the Court to consider [the] proposed motion . . . ." *Gigantino v. Turner Constr. Co*., No. 14-CV-3619, 2016 U.S. Dist. LEXIS 127602, 2016 WL 5107062, at *1 n.1 (E.D.N.Y. Sept. 19, 2016). The undersigned does not recommend that the Court impose the drastic remedy of default on the basis of Defendants failure to include a notice of motion since Plaintiff was fully apprised of the substance of Defendants' motion.

Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 27, 2026

/s/
ARLENE R. LINDSAY
United States Magistrate Judge