UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN CIPOLLA,

Plaintiff,

- against -

COUNTY OF NASSAU, *et al.*,

Defendants.
-------------------------------------------------------x

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**
25-CV-5779 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

Before the Court are the objections of Plaintiff John Cipolla to a Report and Recommendation ("R&R") issued by the Honorable Magistrate Judge Arlene R. Lindsay on August 27, 2026. (R&R, Dkt. 23; Objs., Dkt. 24.) The R&R recommends that the Court vacate the default entered against Defendants and allow them to file an answer. (R&R, Dkt. 23, at 1–2.) After a careful review of the well-reasoned R&R, the parties' filings, Plaintiff's objections, and the record, the Court adopts the R&R in full.

## BACKGROUND

On October 15, 2025, Plaintiff commenced this action against Defendants County of Nassau; Nassau County Police Department ("NCPD") Detectives D. Arazmo, Bonilla, Joseph Calamita, Daniel J. Clarke, D'Erasmo, Herbert Koehler, Jeffrey Rios; the Nassau County District Attorney's Office; and the NCPD (collectively "Defendants"),[1] alleging claims for false arrest, unlawful search and seizure, malicious prosecution, abuse of process, fabricating evidence, withholding exculpatory evidence, failure to intervene, failure to train employees, malicious

---

[1] The Complaint does not identify the first names of Detectives Arazmo, Bonilla, and D'Erasmo.

prosecution, negligence, negligent hiring, improper supervision and improper retention, and respondeat superior. (*See* Compl., Dkt. 1.)

On October 23, 2025, Plaintiff filed proof of service upon each Defendant, demonstrating that they had been served on October 20, 2025. (Dkts. 5–13.) Accordingly, Defendants' deadline to answer or otherwise respond to the Complaint was November 10, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). On November 12, 2025, two days after Defendants' response deadline had passed, Defendants filed a stipulation with Plaintiff that sought to extend the time for Defendants to respond until December 10, 2025, (Dkt. 14), which the Court granted, (11/13/2025 Dkt. Order). However, Defendants did not answer or otherwise respond to the Complaint by December 10, 2025, and so, on January 2, 2026, the Court directed Plaintiff to move for an entry of default by no later than January 30, 2026. (01/02/2026 Dkt. Order.) On January 22, 2026, Plaintiff requested a certificate of default, (Dkt. 15), which the Clerk of Court entered on January 26, 2026, (Dkt. 16). The Court then issued an order on January 27, 2026 directing Plaintiff to file a motion for default judgment no later than March 27, 2026. (01/27/2026 Dkt. Order.)

On January 28, 2026, Defendants attempted to file an answer to Plaintiff's Complaint. (Dkt. 17.) However, given that default had already been entered, the Court struck Defendant's answer as untimely. (*See* 02/03/2026 Dkt. Order; 02/13/2026 Dkt. Order.) Subsequently, Defendants filed the instant motion seeking vacatur of the entry of default and leave to file their proposed answer to the Complaint. (Defs.' Mot., Dkt. 20.) Plaintiff filed an opposition in response, (Pl.'s Opp'n, Dkt. 21), and Defendants filed a reply, (Defs.' Reply, Dkt. 22). On April 14, 2026, the Court referred Defendants' motion to the Honorable Magistrate Judge Arlene R. Lindsay. (04/14/2026 Dkt. Order). On August 27, 2026, Judge Lindsay issued her R&R, which

recommends that Defendants' motion be granted, vacating the entry of default and giving them leave to file an answer. (R&R, Dkt. 23.) Plaintiff timely filed objections to the R&R on September 10, 2026. (Objs., Dkt. 24.)

**DISCUSSION**

**I. Legal Standards**

When a party objects to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Ali v. Caban*, No. 24-CV-5569 (NCM) (LKE), 2026 WL 753094, at *1 (E.D.N.Y. Mar. 17, 2026) (quoting *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019)). After reviewing the report and recommendation, the court may accept, reject, or modify its findings or recommendations, receive further evidence, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

For portions of the report and recommendation to which no party objects, the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *accord Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); *see also Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution.").

## II. Plaintiff's Objections

Plaintiff has submitted only limited objections to the R&R, which the Court construes as three separate objections.

First, Plaintiff objects to the recommendation that the default judgment be vacated because Defendants did not "sufficiently explain [their] repeated failures to answer, despite multiple opportunities and extensions by both Plaintiff and the Court." (Objs., Dkt. 24, at 3.) Specifically, Plaintiff contends that "Defendants' argument that their default was a result of reassignment of the attorney handling the matter" is insufficient. (*Id.*) However, the R&R explicitly addressed this issue, recognizing that "[t]his lack of staffing does not excuse [Defendants] from compliance with their obligations under the federal rules, however, '[c]ourts in this Circuit have consistently concluded that "episodes of such law office failure, even if accompanied by negligence and passivity by counsel, may not rise to the level of willfulness."'" (R&R, Dkt. 23, at 5 (quoting *Evans v. N.Y.C. Health & Hosps. Corp.*, No. 21-CV-10378 (PAE) (VF), 2022 WL 18587777, at *3 (S.D.N.Y. Nov. 28, 2022), *report and recommendation adopted*, 2023 WL 580527 (S.D.N.Y. Jan. 27, 2023)); *see also id.* at 3 ("When determining whether there is 'good cause' to vacate entry of default under Rule 55(c), a district court must consider," among other factors," the willfulness of the [defendant's] default" (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).) The Court finds this reasoning sound, as it both considers Defendants' explanations for their failures to timely answer but finds that their conduct did not constitute willfulness. Furthermore, Defendants provided an explanation as to the staffing and communication errors that led to their delayed participation in this case, specifically:

> at the time the extension [until December 10, 2025 to answer] was requested by the undersigned, the handling attorney, John Carnevale, was taking a two-week leave of absence, as stated in County Defendant's motion. As such, that stipulation for additional time to respond was requested with the intention that Mr. Carnevale

> would file an answer upon his return to the office. However, upon his return, he was subsequently reassigned to Nassau County Family Court. The undersigned did not have communications with Plaintiff's counsel again on this matter until January 22, 2026, when [Plaintiff's counsel] emailed the undersigned to apprise of the Request for Certificate of Default. Upon information and belief, [Plaintiff's counsel] informed the undersigned, on January 22, 2026 or January 23, 2026, that her client would need to make the ultimate decision on whether her office would consent to a stipulation to vacate the default. Upon further information and belief, [Plaintiff's counsel] suggested the undersigned would be able to file said answer by January 30, 2026. In the interest of providing the anticipated answer as soon as possible, the undersigned filed the same on January 28, 2026.

(Defs.' Reply, Dkt. 22, at 3; *see also* R&R, Dkt 23, at 4–5 (addressing the explanation).) While Defendants' handling of the case is far from admirable, it certainly falls short of willfulness. For the foregoing reasons, the Court adopts the R&R's finding that the default was not willful.

Second, Plaintiff objects to the R&R's conclusion that Defendants "participated . . . in this action," (R&R, Dkt. 23, at 7), given that "Defendants did not attempt to answer until more than three months after being served, and nearly a month after [the Court] ordered Plaintiff to move for default." (Objs., Dkt. 24, at 3.) This is a meritless objection as Plaintiff is taking issue with the phrasing used in the R&R's concluding paragraph, which is mere dicta. Nonetheless, even viewing the objection liberally as taking issue with the R&R's finding that, even though "Defendants failed to timely respond to the Complaint, they did attempt to file a late answer and move to vacate the entry of default," (R&R, Dkt. 23, at 5), there is no error in the R&R's reasoning. The R&R correctly concluded that, even though Defendants did not initially participate, they have now begun to participate in this action and thus their participation in this lawsuit "preclude[s] a finding that Defendant . . . simply ignored [the] Complaint without action" such that Defendants' default was not willful. (R&R, Dkt. 23, at 5 (first two alterations in original) (quoting *Windward Bora, LLC v. Weiss*, 717 F. Supp. 3d 247, 261 (E.D.N.Y. 2024)).) The Court further notes that Defendants also participated in the lawsuit early on by negotiating with Plaintiff a stipulated extension of time

in which to answer. (*See* Dkt. 14.) Plaintiff cites no authority, and the Court is aware of none, suggesting that a defendant's participation in a case 79 days late[2] should be entirely disregarded for the purposes of a willfulness analysis in the context of a motion to vacate default. Additionally, the answer was arguably only 49 days late as Defendants secured a one-month extension of time to answer, albeit filed two days after the original time to answer had passed. (*See* Stip., Dkt. 14; 11/13/2025 Dkt. Order.) As a result, it is fair to conclude Defendants *were* participating to some degree, and their periods of non-compliance or absenteeism were limited to November 10, 2025 to November 12, 2025 (before securing an extension), and December 10, 2025 to January 28, 2026 (before attempting to file an answer). This is not a case in which the defendants entirely ignored the case for years, with no signs of their intent to participate.

Finally, Plaintiff objects to the R&R because "Defendants' motion would further delay any resolution" as to Plaintiff's claims, which have already been delayed "for nearly a year" due to Defendants' prior failure to appear. (Objs., Dkt. 24, at 3.) As an initial matter, Plaintiff's claim of how long the matter has been delayed is inaccurate; Defendants' prior failures account for, at most, three months of delay. In any event, neither in his opposition to Defendants' motion, nor in his objections, does Plaintiff identify any particular prejudice he will suffer if Defendants' motion to vacate the default is granted and they file an answer. It is squarely the law of this Circuit that "delay standing alone does not establish prejudice." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Plaintiff's unsubstantiated claims of prejudice are further undermined by the fact that Plaintiff filed this lawsuit more than a year after his claims became ripe,[3] and that Plaintiff

[2] Defendants' answer was due on November 10, 2025, (*see* Dkts. 5–13), but they did not attempt to file an answer until January 28, 2026, (*see* Dkt. 17), which is a 79-day difference.

[3] (*Compare* Compl., Dkt. 1, ¶ 21 (alleging that the charges that led to Plaintiff's arrest by Defendants were dropped on July 28, 2024), *with id.* (Complaint filed on October 15, 2025).)

waited twenty days to file a request for a certificate of default,[4] both of which suggest that the three-month delay owing to Defendants' tardy participation in this case have not *unduly* prejudiced Plaintiff, who has not himself moved expeditiously. *Cf. id.* ("The fact that plaintiff waited over a year before seeking [entry of default] strongly suggests that some further delay will not unduly prejudice it.").

**CONCLUSION**

For the foregoing reasons, the Court adopts Judge Lindsay's well-reasoned R&R in full and grants Defendants' motion to vacate the entry of default and for leave to file an answer *nunc pro tunc*, (*see* Defs.' Mot., Dkt. 20). The Clerk of Court is respectfully directed to vacate the entry of default as to all Defendants. (*See* Entry of Default, Dkt. 16.) Defendants shall file their answer no later than October 14, 2026.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 29, 2026
Brooklyn, New York

[4] (*Compare* 01/02/2026 Dkt. Order (directing Plaintiff on January 2, 2026 to move for entry of default), *with* Dkt. 15 (Plaintiff requesting certificate of default on January 22, 2026).)